IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Bronson Shelley, | C/A No. 4:18-cv-2229-JFA-TER |
| Plaintiff, | |
| vs. | **ORDER** |
| Bray P. Stirling and J. Michael Brown, | |
| Defendants. | |

## I.   INTRODUCTION

Bronson Shelley, ("Plaintiff"), brings this action raising claims pursuant to 42 U.S.C. § 1983 alleging violations of the First Amendment and the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. §§ 2000cc et seq. On October 9, 2018, Defendants filed a Motion to Dismiss. (ECF No. 21). Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the dismissal procedure and the possible consequences if he failed to adequately respond to the Defendants' Motion. (ECF No. 23). On October 30, 2018, Plaintiff responded. (ECF No. 25). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), the case was referred to the Magistrate Judge.

The Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report") and opines that Defendants' Motion to Dismiss be granted in part

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in

and denied in part.[2] (ECF No. 31). The Magistrate opines that Plaintiff's claims for monetary damages against Defendants in their official capacities fail. *Id.* Further, the Magistrate opines that dismissal for failure to exhaust is inappropriate. *Id.* As for Defendants' argument that Plaintiff fails to state a claim, the Magistrate opines dismissal at this stage is not appropriate. *Id.* Lastly, the Magistrate opines a preliminary injunction is not appropriate at this time. *Id.* The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

The Court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). However, a district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report of the Magistrate, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Plaintiff filed objections to the Report on April 3, 2019. (ECF No. 43). On March 25, 2019, Plaintiff filed a Motion to Compel Discovery (ECF No. 37) and a Motion to Quash Subpoena (ECF

---

part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

[2] In the final Conclusion section, it appears the Magistrate Judge made a mistake by stating that it recommends denying Defendants' Motion to Dismiss. (ECF No. 31 p. 10). The Report makes clear that the Magistrate Judge recommends granting in part and denying in part the motion. The Magistrate opines that Plaintiff's claims for monetary damages against Defendants in their official capacities fail. However, the Magistrate Judge recommends denying the rest of the Motion to Dismiss.

No. 46) on April 18, 2019. On July 3, 2019, Plaintiff filed a Motion for Preliminary Injunction and Temporary Restraining Order (ECF No. 48), and Defendants filed a Response in Opposition on July 17, 2019 (ECF No. 49). Thus, this matter is ripe for review.

## II. DISCUSSION

After detailed consideration of the Report, the pleadings and motions, and the objections, the Court modifies the Report (ECF No. 31) in part as set forth below. Additionally, the Court adopts those portions of the Report (ECF No. 31) which are not inconsistent with this Order.

The Report recites the factual and procedural background giving rise to this action in detail, which is incorporated by reference. Briefly, Plaintiff claims that starting in August of 2016, he filed multiple requests for recognition of "Hebrew Israelites" faith group. Specifically, in accordance with his faith group, "Hebrew Israelites," Plaintiff seeks to be allowed to eat kosher and vegan diets, to grow hair in locks, braids, or afro-styles, and to grow long beards with no limitations on hair length. Plaintiff asserts that Defendants delayed the faith recognition process. Plaintiff claims violation of the First Amendment and RLUIPA.

Plaintiff asserts the claims against Defendants in both their individual and official capacities. Plaintiff seeks injunctive and monetary relief.

### A. Plaintiff's claims against Defendants for monetary damages in their official capacities are dismissed.

As the Magistrate correctly opines, Plaintiff's claims for monetary damages against Defendants in their official capacities fail. "Under the Eleventh Amendment, 'a State cannot be sued directly in its own name regardless of the relief sought,' absent consent or permissible congressional abrogation. For the purposes of the Eleventh Amendment, a state official acting in his official capacity is protected from a damages action by the same immunity." *Ballenger v. Owens*, 352 F.3d 842, 844-45 (4th Cir. 2003) (citations omitted). A suit against a state defendant

in his official capacity is construed as a suit against the office itself, and so sovereign immunity precludes such a suit for damages. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).[3]

Plaintiff objects to the portion of the Report discussing claims against Defendants in their official capacities. Plaintiff argues he can recover damages against Defendants in their official capacities because "some courts have held that damages are included in the phrase 'appropriate relief.'" (ECFR No. 43 p. 2). Plaintiff argues "[t]he basic idea of RLUIPA is that states waive their sovereign immunity by accepting federal funds. This Court held that states do waive their sovereign immunity from RLUIPA damages claims by accepting federal money."

In support, Plaintiff cites *Smith v. Allen*, 502 F.3d 1255 (11th Cir. 2007), *abrogated by Sossamon v. Texas*, 563 U.S. 277 (2011); however, Plaintiff fails to note that *Smith* was subsequently abrogated by *Sossamon v. Texas*. In *Sossamon*, the United States Supreme Court abrogated *Smith v. Allen* by finding that Congress, by using the phrase "appropriate relief" against government in the RLUIPA, did not clearly manifest its intent to include damages remedy. Thus, Plaintiff's objection is without merit.

Therefore, Plaintiff's claims against Defendants for monetary damages in their official capacities are dismissed.

**B. Dismissal for failure to exhaust administrative remedies is not appropriate.**

The Magistrate Judge also correctly opines that dismissal for failure to exhaust administrative remedies is not appropriate in this case.

---

[3] The Magistrate Judge further opines that "Plaintiff also seeks injunctive relief, and those official capacity claims are not barred by the Eleventh Amendment." Although the Magistrate Judge is correct that the Eleventh Amendment does not bar these claims, the mootness doctrine is still applicable. As fully explained below, Plaintiff's claims for injunctive relief against Defendants are moot.

Neither party objects to this recommendation, and in the absence of specific objections to portions of the Report of the Magistrate, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Therefore, this Court rejects Defendants' argument that Plaintiff failed to exhaust his administrative remedies because he failed to file a Step 2 Grievance following either of his Step 1 Grievances, and thus dismissal for failure to exhaust administrative remedies is not appropriate.

**C. Plaintiff has stated a claim against Defendants.**

The Magistrate Judge also correctly opines that under Federal Rule of Civil Procedure 12(b)(6), Plaintiff has sufficiently stated a claim for violation of Plaintiff's constitutional rights.

Neither party objects to this recommendation, and in the absence of specific objections to portions of the Report of the Magistrate, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, dismissal for failure to state a claim is not appropriate.

**D. Plaintiff's claims for injunctive relief are moot.**

In the Report, the Magistrate Judge opines that a preliminary injunction is not appropriate at this time because Plaintiff failed to discuss the four requirements under *Winter*. The Magistrate noted that Plaintiff had not filed a motion for a preliminary injunction.

After the Report was issued, on July 3, 2019, Plaintiff filed a Motion for Preliminary Injunction and Temporary Restraining Order. (ECF No. 48). Defendants filed a response in opposition on July 17, 2019. (ECF No. 49).

This Court denies Plaintiff's Motion for a Preliminary Injunction and Temporary Restraining Order as moot. (ECF No. 48). This Court also dismisses Plaintiff's claim for injunctive relief in his Complaint as moot. (ECF No. 1). As Defendants argue, Plaintiff's claims for injunctive relief

are moot because he is no longer in custody of the South Carolina Department of Corrections ("SCDC").

Plaintiff was released from SCDC's custody in September of 2018. (ECF No. 49-1) (ECF No. 48 p. 2); (ECF No. 18). Plaintiff is now located at the Sheriff Al Cannon Detention Center. (ECF No. 18). Thus, SCDC's policies no longer affect Plaintiff and have no bearing on his religious expression.

"Simply stated, a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the out-come." *Powell v. McCormack,* 395 U.S. 486, 496, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969). In *Incumaa v. Ozmint*, the Fourth Circuit Court of Appeals explained:

> Mootness questions often arise in cases involving inmate challenges to prison policies or conditions, and courts, including our own, have held that the transfer of an inmate from a unit or location where he is subject to the challenged policy, practice, or condition, to a different unit or location where he is no longer subject to the challenged policy, practice, or condition moots his claims for injunctive and declaratory relief, even if a claim for money damages survives. *See, e.g., Smith v. Hundley,* 190 F.3d 852, 855 (8th Cir.1999) (dismissing as moot a prisoner's First Amendment claim for declaratory relief after prisoner was transferred to a different prison); *Abdul–Akbar v. Watson,* 4 F.3d 195, 206–07 (3d Cir.1993) (vacating injunctive relief ordered by district court in favor of inmate in Delaware's Maximum Security Unit ("DMSU") who had been released from the unit five months prior to trial, because after the date of the inmate's release from the DMSU, "the district court could not provide [him] with meaningful relief by entering an injunctive order respecting the MSU in which [he] no longer was incarcerated"); *Williams v. Griffin,* 952 F.2d 820, 823 (4th Cir.1991) (holding that a prisoner transfer mooted a request for declaratory and injunctive relief).

*Incumaa v. Ozmint*, 507 F.3d 281, 286–87 (4th Cir. 2007).

Here, Plaintiff is no longer subjected to the challenged policies and thus, besides his claim for damages, Plaintiff no longer has a legally cognizable interest. Again, as the Fourth Circuit has explained:

The reasons for finding mootness in such a context are clear. Once an inmate is removed from the environment in which he is subjected to the challenged policy or practice, absent a claim for damages, he no longer has a legally cognizable interest in a judicial decision on the merits of his claim. Any declaratory or injunctive relief ordered in the inmate's favor in such situations would have no practical impact on the inmate's rights and would not redress in any way the injury he originally asserted. And the newly situated inmate has no further need for such declaratory or injunctive relief, for he is free of the policy or practice that provoked his lawsuit in the first place. *See Martin–Trigona v. Shiff,* 702 F.2d 380, 386 (2d Cir.1983) ("The hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed.").

Thus, Plaintiff's claim for injunctive relief is dismissed as moot and his motion for a preliminary injunction and TRO is denied as moot because this Court has no inability to redress Plaintiff's claimed injuries. *See Townes v. Jarvis*, 577 F.3d 543, 555 (4th Cir. 2009) ("In *Incumaa,* for example, it is apparent that we dismissed that action as moot in part because of our inability to 'redress' the plaintiffs' claimed injuries—not because of the plaintiffs' failure to allege continuing collateral consequences or an injury-in-fact.")

However, Plaintiff's case is different because he also seeks monetary relief against Defendants. *See Incumaa*, 507 F.3d at 286 ("Incumaa sought declaratory relief and an injunction against enforcement of the publications ban, but he did not pursue money damages."). Thus, Plaintiff's claims for monetary damages against Defendants in their individual capacities is allowed to proceed.

In his motion, Plaintiff argues:

> In all likelyhood [sic] he Plaintiff will be remanded back into the custody of the South Carolina Department of Corrections pending negotiations with the Solicitor's Office, as Plaintiff is now awaiting a new trial in which his post-conviction relief was granted. Plaintiff was released from the custody of S.C.D.C. on September 10, 2018, and has been awaiting a new trial approximately 9 months now. Plaintiff will begin trial within 90 days or will accept Solicitor's plea agreement and so will in all likelyhood [sic] be subject to irreparable harm and continuing constitutional violations by being subjected to force haircuts and consummation of un-kosher foods, which will result in immediate and irreparable injury, loss, or damage, if the court does not sign this preliminary injunction and temporary restraining order.

(ECF No. 48 p. 2–3).

It appears that Plaintiff is asserting the doctrine that allows federal courts to resolve moot disputes that are "capable of repetition, yet evading review." However, Plaintiff's argument is without merit. "[T]he capable-of-repetition doctrine applies only in exceptional situations, and generally only where the named plaintiff can make a reasonable showing that he will again be subjected to the alleged illegality." *City of Los Angeles v. Lyons*, 461 U.S. 95, 109 (1983). This "exceptional circumstances" only applies "where the following two circumstances [are] simultaneously present: '"(1) the challenged action [is] in its duration too short to be fully litigated prior to cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party [will] be subject to the same action again[.]"'" *Spencer v. Kemna*, 523 U.S. 1, 17 (1998) (internal citations omitted). Plaintiff has not met this showing here.

Therefore, Plaintiff's Motion for Preliminary Injunction and Temporary Restraining Order is denied as moot. (ECF No. 48). To the extent Plaintiff seeks injunctive relief in his Complaint, those claims are dismissed as moot.

### III. CONCLUSION

After carefully reviewing the applicable laws, the record in this case, the Report, and the objections thereto, this Court **adopts in part** the Magistrate Judge's Report and Recommendation. (ECF No. 31). Defendant's Motion to Dismiss (ECF No. 21) is **granted in part and denied in part.** Plaintiff's claims against Defendants for monetary damages in their official capacities are dismissed. Plaintiff's claim for injunctive relief is dismissed as moot. However, dismissal for failure to exhaust administrative remedies is not appropriate, and Plaintiff has sufficiently stated a claim for violation of Plaintiff's constitutional rights against Defendants. Thus, Plaintiff's claims

for monetary damages against Defendants in their individual capacities are the only claims allowed to proceed.

Additionally, Plaintiff's Motion for Preliminary Injunction and Temporary Restraining Order is **denied as moot**. (ECF No. 48).

On March 25, 2019, Plaintiff filed a Motion to Compel Discovery (ECF No. 37) and a Motion to Quash Subpoena on April 18, 2019 (ECF No. 46). Previously, the Magistrate Judge stayed discovery on March 11, 2019 (ECF No. 32) while the Motion to Dismiss was pending. At this time, Plaintiffs' Motions to Compel Discovery (ECF No. 37) and to Quash Subpoena (ECF No. 46) are **referred back to the Magistrate Judge**.

IT IS SO ORDERED.

July 29, 2019  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge