UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| BRONSON SHELLEY #353229, ) | Civil Action No. 4:18-cv-2229-JFA-TER |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | |
| ) | **ORDER** |
| ) | |
| BRYAN P. STIRLING and J. MICHAEL ) | |
| BROWN, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Plaintiff, who is proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983, alleging violations of the First Amendment and the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. §§ 2000cc et seq. Presently before the court are Plaintiff's Motions to Compel (ECF Nos. 37, 60) and Motion to Quash Subpoena (ECF No. 46).[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d), DSC.

In his motions to compel, Plaintiff seeks an order compelling Defendants to respond to his discovery requests. At the time the first motion was filed, discovery was stayed. After the stay was lifted and Plaintiff filed a second motion to compel, Defendants served Plaintiff with their responses to his discovery requests. Plaintiff has not argued that Defendants responses are insufficient. Accordingly, the Motions to Compel (ECF Nos. 37, 60) are **MOOT**.

In his motion to quash subpoena, Plaintiff seeks to quash subpoenas served by Defendants

---

[1]Other motions are pending and will be addressed by separate Order or Report and Recommendation.

on the Sheriff Al Cannon Detention Center and the Colleton County Detention Center for documents and records pertaining to him.[2] Plaintiff did not attach a copy of the subpoenas at issue to his motion. Although he asserts that "his records regarding his criminal case and other personal documents and information" are not relevant to this action, because he has not attached a copy of the subpoenas, the court cannot review them to determine whether Plaintiff's requested relief is appropriate. Federal Rule of Civil Procedure 45(d)(3)(A) provides the circumstances under which a subpoena should be quashed, and the party moving to quash has the burden of proving he is entitled to such relief. Virginia Dep't of Corr. v. Jordan, 921 F.3d 180, 189 n.2 (4th Cir.), cert. denied, 140 S. Ct. 672 (2019) (citing Wiwa v. Royal Dutch Petroleum Co., 392 F.3d 812, 818 (5th Cir. 2004)). Plaintiff has failed to meet his burden, and, thus, his Motion to Quash (ECF No. 46) is **DENIED**.

For the reasons set forth above, Plaintiff's Motions to Compel (ECF Nos. 37, 60) are **MOOT** and his Motion to Quash (ECF No. 46) is **DENIED**.

**IT IS SO ORDERED.**

      s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

March 4, 2020
Florence, South Carolina

---

[2] "Ordinarily, a party does not have standing to challenge a subpoena issued to a nonparty unless the party claims some personal right or privilege in the information sought by the subpoena." United States v. Idema, 118 Fed.Appx. 740, 744 (4th Cir.2005).